IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **J & J SPORTS PRODUCTIONS, INC.,** | : | **Civil No. 1:16-cv-1052** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **MICHAEL STEPP, a/k/a MIKE STEPP, individually and d/b/a ELEVENTH AVENUE BANQUET AND ENTERTAINMENT VENUE, and LA ISLA ENTERTAINMENT GROUP, LLC, an unknown business entity d/b/a ELEVENTH AVENUE BANQUET AND ENTERTAINMENT VENUE,** | : : : : : : : : : : | |
| | : | |
| **Defendants.** | : | **Judge Sylvia H. Rambo** |

**M E M O R A N D U M**

Before the court is Plaintiff J & J Sports Productions, Inc.'s motion (Doc.

17) for leave to amend its complaint (Doc. 1).  After careful consideration, the

court will deny Plaintiff's motion to amend.

**I.      Background and Procedural History**

On June 2, 2016, Plaintiff J & J Sports Productions, Inc. ("Plaintiff"), a

California corporation, filed a complaint against Defendants Michael Stepp

("Stepp")—in his individual capacity and "doing business as" Eleventh Avenue

Banquet and Entertainment Venue—and La Isla Entertainment Group, LLC ("La

Isla"), also identified as "doing business as" Eleventh Avenue Banquet and

Entertainment Venue. (Doc. 1 at 1-3). Plaintiff alleged violations of 47 U.S.C. § 605 (Count I) and 47 U.S.C. § 553 (Count II) against all Defendants for the unauthorized airing of a pay-per-view boxing match on June 7, 2014 (the "Program"). (Doc. 1 at 4-7). Plaintiff identified Defendants as having the same physical address: 36 West Eleventh Avenue, York, Pennsylvania, 17404. (Doc. 1-2 at 2).

According to the complaint, Plaintiff held "the exclusive nationwide commercial distribution (closed-circuit) rights" to the Program. (Doc. 1 at 4). As Plaintiff alleges, Defendants knowingly and willfully aired the Program at their commercial establishment, without the required sublicensing rights, for "commercial advantage and/or private financial gain." (*Id.* at 4-5). According to Plaintiff, such unauthorized commercial publication violated federal laws and entitles Plaintiff to statutory damages, costs, and attorney's fees. (*Id.* at 6-7).

On August 17, 2016, Plaintiff filed proof of service for Stepp, indicating that he had been personally served on August 13, 2016. (Doc. 4). Plaintiff also filed proof of service for defendant La Isla, indicating that service had been made on La Isla's designated agent for service of process—United States Corporation Agents, Inc. in Allentown, Pennsylvania—on August 10, 2016. (Doc. 5).

Stepp filed a counseled answer to the complaint on September 6, 2016. (Doc. 6). In his answer, Stepp denied ever being a member of La Isla

2

Entertainment Group or in any way affiliated with ownership or management of Eleventh Avenue Banquet and Entertainment Venue. (*Id.* at 2). Stepp further denied any knowledge of or involvement in the airing of the Program. (*Id.*) La Isla did not file an answer or any other responsive pleading, but Plaintiff never sought default judgment under Federal Rule of Civil Procedure 55 against La Isla.

On May 25, 2017, Plaintiff filed a "stipulation," signed by counsel for both Plaintiff and Stepp, purporting to dismiss Stepp from the lawsuit due to his lack of involvement in the underlying incident. (Doc. 7). This filing was problematic for a number of reasons.

First, the "stipulation" cited no Federal Rule of Civil Procedure or other source of authority. As Federal Rule of Civil Procedure 41(a)(1)(A)(ii) clearly explains, a "stipulation of dismissal" can effectively terminate an action if it is signed "by all parties who have appeared," and requires no court order or approval. However, Plaintiff's filing—although titled "stipulation"—asked the court to approve the dismissal of Stepp, and provided a proposed order. (*See* Doc. 7 at 2). Therefore, it appears that Plaintiff was actually seeking to voluntarily dismiss its claims against Stepp via court order under Rule 41(a)(2). *See* FED. R. CIV. P. 41(a)(2).

The court, however, did not enter the proposed order because Plaintiff's attorney was never admitted to practice in this court, a fact that had recently come

to light before the stipulation had been filed. From the commencement of the action up to the filing of the stipulation, Plaintiff had been represented by Attorney Thomas P. Riley ("Attorney Riley"), whose address was 1114 Fremont Avenue, South Pasadena, California. (*Id.* at 1; Doc. 1-1; Doc. 1-2 at 1). Attorney Riley, however, was never admitted to practice in the United States District Court for the Middle District of Pennsylvania, either generally or through special admission. When it was discovered that Attorney Riley was not admitted to practice in this court, the Clerk of Court sent him a *pro hac vice* admission form and instructions. Attorney Riley never responded, never submitted the *pro hac vice* paperwork, and never paid the requisite special admission fee.[1]

Thus, Plaintiff's stipulation seeking to voluntarily dismiss Stepp was never addressed by this court because Attorney Riley was not authorized to practice law here. Although Attorney Riley had been given notice to this effect, he

---

[1] We note that Attorney Riley, over the course of eleven years, has filed and litigated no less than twenty-two cases in the Middle District of Pennsylvania, **never once being properly admitted to practice in this court**. *See* civil case nos. 1:06-cv-2216; 3:10-cv-2486; 3:11-cv-1273; 3:12-cv-1242; 4:12-cv-1874; 1:12-cv-2248; 1:12-cv-2288; 3:13-cv-238; 3:13-cv-239; 4:13-cv-1022; 3:13-cv-1339; 1:13-cv-2373; 3:14-cv-464; 3:14-cv-824; 3:14-cv-976; 3:14-cv-2308; 3:15-cv-369; 1:15-cv-856; 1:15-cv-1949; 1:16-cv-1052; 1:17-cv-745; 1:17-cv-746. In at least ten of those cases, *pro hac vice* forms and instructions were sent to Attorney Riley, but they were never completed or returned, and no special admission fee was ever paid. This did not stop Attorney Riley from continuing to litigate those cases. In fact, it appears that Attorney Riley would simply ignore the special admission requirements and fee and continue to practice law in this court as if he were generally admitted. Such behavior not only violated this court's rules, *see* M.D. PA. LOCAL RULE 83.8, but also likely violated multiple rules of professional conduct in both California and Pennsylvania. *See, e.g.*, PA. RULES OF PROF'L CONDUCT r. 5.5, 8.4(a), (c); CAL. RULES OF PROF'L CONDUCT r. 1-300(B).

failed to take any steps to be properly admitted in order to represent Plaintiff in this lawsuit.

Second, attached to the stipulation was a proposed amended complaint naming different defendants, (*see* Doc. 7 at 5-12), but Attorney Riley (1) never moved the court for leave to amend the complaint, and (2) was not authorized to practice law in this court in the first place. Thus the improperly attached, proposed "amended complaint" had no legal effect.

On August 1, 2017, Attorney Johanna Rehkamp ("Attorney Rehkamp") entered her appearance on behalf of Plaintiff.[2] (Doc. 8). The following day, Attorney Riley withdrew his appearance. (Doc. 9). On September 14, 2017, Ralph M. Salvia—from the same firm as Attorney Rehkamp—also entered his appearance on behalf of Plaintiff. (Doc. 10).

On February 2, 2018, the court ordered Plaintiff to file a status report, as there had been no action in the case since September 2017. (Doc. 11). On February 12, 2018, Plaintiff, through Attorney Rehkamp, filed its status report, explaining that it was contemporaneously filing a motion for leave to amend its complaint and the case caption "in order to accurately reflect the correct parties to this action." (Doc. 13 at 2).

---

[2] Attorney Rehkamp is admitted to practice in this court. (*See* Doc. 8).

The next day, Plaintiff—through Attorney Rehkamp—filed a motion for leave to amend the caption and to file an amended complaint. (Doc. 14). That filing, however, suffered from multiple deficiencies under the local rules, and thus on February 20, 2018, the court ordered Plaintiff to make the appropriate changes and re-file the motion to amend. (*See* Doc. 16). On February 27, 2018, Plaintiff complied with this court's order and properly filed the motion for leave to amend the complaint and caption. (Doc. 17).

Stepp concurred in the motion to amend. (Doc. 17-4). Plaintiff did not receive concurrence from La Isla. (*Id.*) Accordingly, the matter is now ripe for disposition.

## II.    Discussion

Plaintiff seeks to amend its original complaint by removing Stepp as a defendant[3] and adding two new individual defendants: Aaron Williams and Greg Carr. (Doc. 17 at 2-3). It further seeks to amend the caption to reflect these proposed changes. (*Id.*) For the following reasons, leave to amend will be denied.

Under Federal Rule of Civil Procedure 15, if more than twenty-one days have elapsed after service of a pleading or service of a responsive pleading, a party may amend only with the opposing party's written consent or with leave of court.

---

[3] Plaintiff incorrectly states that Stepp was removed from the case by the May 2017 "stipulation." (Doc. 17 at 2). As noted above, that filing had no legal effect.

FED. R. CIV. P. 15(a)(1), (2).  Leave to amend should be freely given by the court when justice so requires.  FED. R. CIV. P. 15(a)(2).

In the seminal case of *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court of the United States provided guidance for when leave to amend may be denied.  Circumstances that weigh against granting leave to amend include undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.  *Foman*, 371 U.S. at 182.  Here, the focus will be on the final *Foman* factor: futility of amendment.

In its briefing, Plaintiff first relies on Federal Rule of Civil Procedure 21. It argues that "parties may be dropped or added by order of the court on motion of any party or of its own initiative at any state of the action and on such terms as are just," cites two nonbinding cases from the 1950s, and concludes that such action should be taken here.  (Doc. 17-1 at 4).  Plaintiff's reliance on Rule 21 is misplaced.

Federal Rule of Civil Procedure 21 deals primarily with misjoinder of parties, where correctly identified parties are improperly joined in the same action. The rule is often invoked to avoid jurisdictional problems, *see, e.g.*, *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412 (3d Cir. 2010), as well as to sever misjoined parties when the events underlying a plaintiff's claims against different

defendants did not arise from the same transaction or occurrence, *see, e.g.*, *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006).

That is not the situation here. In this case, Plaintiff seeks to dismiss an incorrect defendant and to name two new defendants in his place, as it appears that Plaintiff named the wrong individual defendant in the original complaint. This type of substitution of defendants is governed by Federal Rule of Civil Procedure 15. *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004). Probably realizing this to be the case, Plaintiff also cites Rule 15(a)(2) to support its proposed amendment. The insurmountable problem that Plaintiff fails to address, however, is how it could add new defendants almost two years after the complaint was filed, and nearly four years after the alleged incident occurred, without offending the statute of limitations.

Plaintiff's causes of action—alleged violations of 47 U.S.C. §§ 553 and 605—carry a two-year statute of limitations. *See Kingvision Pay-Per-View, Corp. v. 898 Belmont Inc.*, 366 F.3d 217, 219, 225 (3d Cir. 2004). Plaintiff alleges the violations occurred on June 7, 2014, and filed its complaint on June 2, 2016. Thus, to add new defendants but avoid the two-year statute of limitations, Plaintiff's only option would be to rely on relation back under Federal Rule of Civil Procedure 15(c). *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 207 (3d Cir. 2006) (noting that because statute of limitations expired prior to filing of amended complaint, only

8

relation back could salvage claim against new party identified therein).  But even a cursory reading of Rule 15(c) shows that Plaintiff cannot rely on relation back in the instant circumstances.

In pertinent part, Rule 15(c)(1)(C) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment changes the party . . . against whom a claim is asserted . . . if, *within the period provided by Rule 4(m)* for serving the summons and complaint [i.e., 90 days after the complaint is filed], the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; *and* (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  FED. R. CIV. P. (15)(c)(1)(C) (emphasis added); *see also* FED. R. CIV. P. 4(m).

Here, even if Plaintiff could demonstrate the second requirement for relation back—that the proposed new defendants knew or should have known that the lawsuit would have been brought against them but for a mistake concerning the proper party's identity—it cannot establish the first requirement.  That is, Plaintiff cannot show that Aaron Williams and Greg Carr received notice of the lawsuit within the 90-day time limit specified by Rule 15(c) and Rule 4(m).  Plaintiff's motion to amend to add two new defendants in lieu of Stepp was made over 600 days after the complaint was filed.  Not only have more than 600 days elapsed, but

to date Plaintiff has failed to provide any proof that Aaron Williams and Greg Carr have been put on notice of the instant litigation.

Plaintiff's proposed amendment, therefore, is futile.  Even if the court were to permit the proffered amendment, the two-year statute of limitations for Plaintiff's statutory claims would be a complete defense for Aaron Williams and Greg Carr because Plaintiff cannot rely on relation back to render timely its claims against these new defendants.  *See Garvin v. City of Philadelphia*, 354 F.3d 215, 221 (3d Cir. 2003) (explaining that because plaintiff "failed to satisfy the Rule 15(c) requirements for relation back, any amendment of her complaint [to bring in new parties] would have been futile because the amended complaint could not have withstood a motion to dismiss on the basis of the statute of limitations") (citation omitted).  Accordingly, Plaintiff's motion for leave to amend will be denied.

## III.    Conclusion

After consideration of all the circumstances, the court finds that Plaintiff's proposed amendment is futile.  Accordingly, the court will deny Plaintiff's motion (Doc. 17) for leave to amend the complaint and caption in this case.  Should Plaintiff desire to voluntarily dismiss defendant Michael Stepp from this action, as appears appropriate and as Plaintiff has indicated in its various

filings, the parties should take appropriate action under the Federal Rules of Civil

Procedure to effectuate this dismissal.

An appropriate order will issue.


 s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: April 16, 2018